PILLSBURY WINTHROP SHAW PITTMAN LLP
FUSAE NARA
fusae.nara@pillsburylaw.com
TIMOTHY M. RUSSO
timothy.russo@pillsburylaw.com
1540 Broadway
New York, NY 10036
Telephone: (212) 858-1000

*Attorneys for Defendants*
*Sega Amusements, U.S.A., Inc., Play It! Amusements, Inc., Sega Holdings U.S.A., Inc., Sega Corporation, and Sega Sammy Holdings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C. STUART BROWN, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEGA AMUSEMENTS, U.S.A., INC., PLAY IT! AMUSEMENTS, INC., SEGA HOLDINGS U.S.A., INC., SEGA CORPORATION, SEGA SAMMY HOLDINGS, INC., AND JOHN DOES 1-10, Inclusive,<br><br>Defendants. | 13-CV-07558 (RMB)<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Parties' Stipulation, the Court issues the following Protective Order:

**1.    DEFINITIONS.**

1.1    Party: any party to this action, including any party's officers, directors, employees, retained experts, and outside counsel (and their support staff).

1.2    Disclosure or Discovery Material: for purposes of this Order, "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are

produced or generated in disclosures or responses to discovery in this matter, e.g., documents, electronically stored information, testimony, discovery request, discovery response, motion, filing with the Court, thing, or any portion thereof that qualifies to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the standards developed under Fed. R. Civ. P. 26(c).

        1.3     Designations: Any confidential or proprietary information or document or electronically stored information produced by any party or non-party as part of discovery in this action may be designated by the producing party as "CONFIDENTIAL." As a general guideline, and without limitation, a document or electronically stored information may be designated "CONFIDENTIAL" when it contains personal or business financial information, including but not limited to customer information, business relations, or any other matter that would put the producing party at a competitive disadvantage if the information became known to third parties. Material may be designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information if it constitutes trade secret information or other confidential research, product or service development, or commercial information subject to protection under Fed. R. Civ. P. 26(c)(1)(G) and the disclosure of such information other than provided for by this Order for "ATTORNEYS' EYES ONLY" information would materially affect the business, financial or commercial interests of the party producing, such as (by way of example but not limitation) information regarding the finances of the producing party or which any party is under a separate contractual obligation to maintain as confidential.

        1.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Case 1:13-cv-07558-RMB-HBP Document 28-1 Filed 03/27/14 Page 2 of 16

  1.5  Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

  1.6  Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

  1.7  Protected Material: the information in a Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

  1.8  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  1.9  In-House Counsel: attorneys who are employees of a Party.

  1.10  Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

  1.11  Expert and/or Consultant: a person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party's competitor and who, at the time of retention, has no pending application or offer to become an employee of or consultant to a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  1.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.  **SCOPE.**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that contain or would reveal Protected Material.

3.  **DURATION.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court's jurisdiction to enforce the terms of the Order shall continue after the final conclusion of all aspects of the litigation.

4.  **DESIGNATING PROTECTED MATERIAL.**

4.1  Exercise of Restraint and Care in Designating Material for Protection. To the extent reasonably possible, each Party or non-party that designates information or items as Protected Material under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The parties agree that, where it would not be cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," including but not limited to the case of mass e-mail or internal document production. If the opposing party, upon review, believes that a particular document is not properly "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

ONLY," the party may confer with the Designating Party, which shall withdraw the designation if warranted. Absent agreement, the parties may seek Court relief as provided herein.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (<u>see, e.g.</u>, Section 4.2(a)(ii), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Any party or non-party that is called upon to provide discovery in this action may designate any Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order.

(a) A party or non-party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY as follows:

(i) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page that contains

Protected Material. The Designating Party will bear the reasonable costs of producing and designating such Protected Materials.

(ii) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, that the deposition contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information.

(iii) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5. CHALLENGING DESIGNATIONS.**

5.1 <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. In all cases, however, the Parties shall endeavor to identify at the earliest opportunity those designations that they oppose.

5.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying the confidentiality designation it is challenging, explaining the basis for its belief that the confidentiality designation was not proper and conferring directly with counsel for the Designating Party.  The Designating Party, after it has had an opportunity to review the designated material and to reconsider the circumstances for the designation, and if no change in designation is offered, is to respond in writing to the challenging Party's grounds and challenges, and to provide a good faith explanation for the basis for the chosen designation.  The Parties should then proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after the meet and confer process may seek judicial intervention within fourteen (14) days after the conclusion of the meet and confer process in accordance with the local rules and practices of the Court, and must identify in the submissions to the Court the challenged material and set forth in detail the basis for the challenge.  Upon any hearing, the burden of proof regarding the confidentiality designation shall be on the Designating Party.  The Designating Party must establish that the protected material was correctly designated and show a compelling need for such designation.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

In the event that the final ruling is that the challenged material is not confidential or that its designation should be changed, the Designating Party shall reproduce copies of all materials

with their designations removed or changed in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

### 6. ACCESS TO AND USE OF PROTECTED MATERIAL.

6.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(b)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(c) independent Experts and/or Consultants (as defined in this Order) not employed by any party who have been specifically retained by a party to give expert testimony or otherwise assist in the preparation of this action for trial and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) a Mediator agreed upon by the parties, as well as employees of said mediator;

(f) court reporters, their staffs, and Professional Vendors retained by Counsel to whom disclosure is reasonably necessary for this litigation and provided that Counsel attempts to ensure the Professional Vendors' compliance with this Order to the extent reasonably possible;

(g) during their depositions and in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

(h) the author or any recipient of the document or the original source of the information.

6.3 <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to those persons described in Paragraphs 6.2(a) through (f), and (h), above. To the extent a party wishes to disclose HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Discovery Materials to any person in Paragraph (g) above, that party must first secure the signed "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A) from that person. If a party believes it is reasonably

necessary to allow the disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Materials to other persons or categories of persons, but the parties cannot reach an agreement after meeting and conferring, the party may move the Court to permit such disclosure for good cause.

      **7.    USE OF DISCLOSURE OR DISCOVERY MATERIAL IN KEMPE V. SEGA AMUSEMENTS, U.S.A., INC., ET AL, PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA**

Subject to the terms of this Protective Order, nothing shall prevent a Party from using Disclosure or Discovery Material produced by any party or non-party as part of discovery in this action in the *Kempe v. Sega Amusements, U.S.A., Inc. et al*, 14-cv-0281 (DRG)(AGR), action pending in the Central District of California. The Designations applied by a Party or non-party in this action shall have the same effect in the *Kempe v. Sega Amusements, U.S.A., Inc. et al*, action.

      **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation or administrative proceeding, or before any deliberative body, that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party is to notify the Designating Party, in writing (by email, if possible) as soon as reasonably possible after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Parties understand and agree that the purpose of requiring the Receiving Party to notify the Designating Party of the subpoena is to provide the Designating Party with sufficient time to file a request for a protective order or motion to quash the subpoena.

The Receiving Party also must immediately inform in writing the Party that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or body from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or deliberative body.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A). The Designating Party may seek judicial relief in the event that the Receiving Party fails to follow these procedures.

10. **FILING PROTECTED MATERIAL**.

In the event that any party intends to include any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this

11

Protective Order as part of any pleading, motion, opposition, reply or other document, including any declarations (collectively "Filing") to be filed with the Court, the Filing shall be filed under seal only after receiving authorization from the Court. Alternatively, if the CONFIDENTIAL and HIGHLY-CONFIDENTIAL ATTORNEYS' EYES ONLY Discovery Material can be redacted to obviate the need to file documents under seal, such as, by example, redacting names, addresses, amounts, or other confidential information, and, if appropriate, substituting generic identifiers, the Parties shall work together to agree to the appropriate redactions.

In the event that a party intends to include any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as part of any Filing and the Parties cannot agree upon appropriate redactions or the redesignation of that Discovery Material, and if the Court has not already ruled on whether it will grant authorization for filing under seal as noted above, the filing Party shall submit its filing by completely redacting confidentially designated material and excluding confidentially designated material from exhibits, if any. The Designating Party will not object to such a Filing, as long as the Filing is otherwise appropriate and timely. The Parties shall meet and confer regarding the confidentiality designations prior to seeking Judicial Intervention. Once the Court rules on the matter, the Designating Party will not object to the filing Party re-filing any materials as necessary to reflect the Court's rulings to ensure an accurate, full and proper record.

The Parties understand that all Court orders will be presumptively available to the public. Therefore all papers submitted to the Court that quote or set forth "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall designate the particular information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." This will enable the Court, in drafting orders, to determine

whether there is evidence which the Court should attempt not to disclose. Absent such advance notification (and even with such notification to the extent the Court believes it appropriate), the Court remains free to incorporate and publicly disclose all such evidence in its written and oral rulings if it concludes that this information is neither "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information.

The parties further understand that in the event that the case proceeds to trial, and the parties use information that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and/or kept and maintained pursuant to the terms of this Protective Order at trial, such information may become public and in such case will be presumptively available to all members of the public, including the press, unless sufficient cause is shown to proceed otherwise.

**11. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above. The Court's jurisdiction to enforce the terms of the Order shall continue after the final conclusion of all aspects of the litigation.

12. **CLAW BACK.**

The inadvertent production of any document, electronically stored information, material or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights by such inadvertent production. Upon discovery of such inadvertent production, a Producing Party may notify the Receiving Party and request return of any such document or information, as well as any and all copies which may have been made by the Receiving Party.

13. **MISCELLANEOUS.**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Good Faith Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object in good faith to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any good faith ground to use in evidence of any of the material covered by this Protective Order.

   12.3  Court's Discretion. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

**AGREED TO:**

Dated: March 5, 2014  **PILLSBURY WINTHROP SHAW PITTMAN LLP**

         By: _/s/ Fusae Nara_

         Fusae Nara
         Timothy M. Russo
         *Attorneys for Defendants Sega Amusements, U.S.A., Inc., Play It! Amusements, Inc., Sega Holdings U.S.A., Inc., Sega Corporation, and Sega Sammy Holdings, Inc.*

Dated: March 5, 2014  **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

         By: _/s/ Janine L. Pollack_

         Janine L. Pollack
         Fred T. Isquith
         *Attorneys for Plaintiff C. Stuart Brown*

SO ORDERED this _28_ day of _MARCH_, 2014.  SO ORDERED

                 _/s/ Henry Pitman_
                 HENRY PITMAN
                 UNITED STATES MAGISTRATE JUDGE
                 3-28-14

                Hon. Richard M. Berman
                United States District Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name, of _____ [print or type full address] declare under penalty of perjury under the laws of the United States, New York and California that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *C. Stuart Brown, v. Sega Amusements U.S.A., Inc., et al*, Case No. 13-CV-07558 (RMB) ("Protective Order"). I agree to comply with and to be bound by all the terms of this Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____.

City and State where sworn and signed: _____

Printed name: _____

Signature: _____